**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| WINFRED SHEPARD, | DOCKET NUMBER |
| Appellant, | CH-0752-13-4055-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: February 25, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ariel E. Solomon, Esquire, Albany, New York, for the appellant.

Gina M. Ozelie, Esquire, Milwaukee, Wisconsin, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which sustained his removal based on a charge of careless or negligent performance of duties. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly modified by this Final Order to address the medical evidence presented at the hearing, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant worked as a Field Examiner based in the agency's Milwaukee, Wisconsin hub office. Initial Appeal File (IAF), Tab 6 at 20. The appellant worked out of his home and spent most of his time in the field conducting field examinations. IAF, Tab 16 at 11. A field examination may involve a home visit to verify the welfare of individuals who received Veterans Administration benefits and were declared incompetent due to legal disability, mental disability, physical disability, or minority, and to ensure the adequacy of living conditions. IAF, Tab 6 at 184.

¶3 In March 2013, the fiduciary for a veteran contacted the agency regarding a letter he received from the agency. *Id.* at 100. The agency representative informed the fiduciary that a field exam on file stated that the appellant had recently visited the veteran and spoken to the fiduciary by phone the same day. *Id.* The fiduciary informed the representative that on the date alleged the appellant had not spoken with him or visited the veteran. *Id.* The agency

subsequently interviewed the appellant, and he admitted that he had completed reports documenting visits with veterans whom he had not personally seen. *Id.* at 70. The agency then proposed to remove the appellant based on two charges: careless or negligent performance of duty and unauthorized use of government property. *Id.* at 51-53. The charge of careless or negligent performance of duty contained four specifications, each specification a separate incident where the appellant was alleged to have conducted a field visit but did not. *Id.* at 51-52. The appellant provided both written and oral replies to the deciding official on the charges. *Id.* at 36-41. The deciding official sustained only the four specifications of the careless or negligent performance of duties charge; he did not sustain the unauthorized use of government property charge.[2] *Id.* at 22-24. Based on the sustained charge and consideration of the mitigating and aggravating factors, the deciding official directed the appellant's removal effective July 17, 2013. *Id.*

¶4 The appellant initiated a Board appeal challenging his removal. IAF, Tab 1 at 3. During the pre-hearing conference, the appellant also alleged two due process violations by the agency. IAF, Tab 18 at 3. The appellant alleged that the deciding official sustained the charge based on the appellant's intent to falsify documents and not negligence. *Id.* The appellant also alleged that he did not receive all of the agency's documents considered in his removal process. *Id.* The administrative judge conducted a hearing and issued an initial decision which sustained the agency's removal action. IAF, Tab 32, Initial Decision (ID) at 1, 15. She found that the agency proved that the appellant engaged in careless or negligent performance of his job duties. ID at 7-8. She found that the appellant's

---

[2] The charge brought by the agency is listed as careless or negligent performance of duty in the proposal notice, but listed as careless and negligent performance of duties in the decision letter. IAF, Tab 6 at 22, 51. The administrative judge also uses both terms in her initial decision. ID at 1, 3. We find that the agency proved its charge under either wording and will reference the charge as careless or negligent performance in this decision.

failure to conduct the site visits prevented the appellant from determining whether the beneficiaries' welfare needs were being met, placing the four individuals at risk. ID at 5-6. The administrative judge also found no due process violation or harmful error, as the deciding official did not remove the appellant based on his intent to falsify documents but due to his careless or negligent failure to conduct the site visits. ID at 8-9, 12-13. Finally, she found that the penalty of removal was within the range of reasonableness based on the deciding official's proper consideration of the *Douglas* factors. ID at 14-15; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).

¶5      The appellant has filed a timely petition for review and submits a record of his glucose readings for the period of February to April 2013. Petition for Review (PFR) File, Tab 1 at 9-11. The agency has responded in opposition to the petition for review. PFR File, Tab 3. The appellant has filed a reply to the agency's response, but the agency has filed a motion to strike the reply, alleging that the reply exceeds the scope of the petition for review and its response. PFR File, Tab 6, Tab 7 at 4.

The deciding official properly considered the appellant's medical condition as a mitigating factor.

¶6      The appellant has not contested the administrative judge's decision to sustain the charge, and we decline to disturb this well-reasoned finding on review. *See* 5 C.F.R. § 1201.115 (the Board normally will consider only issues raised in a timely petition for review or cross petition for review).

¶7      The appellant argues that the deciding official did not give sufficient consideration to his diabetes as a potential mitigating factor. PFR File, Tab 1 at 4-5. The deciding official testified at the hearing that he considered the appellant's medical condition, but the medical condition did not provide a reason for not making the field visits. Hearing Transcript (HT) at 100-01. The appellant provided the deciding official with little information as to his medical condition or how it affected his decision to submit false field examination reports. In his

oral reply, the appellant noted that his diabetes required him to take medications that caused stomach problems. IAF, Tab 6 at 36. In his written reply, the appellant commented that a number of personal issues and his diabetes "heading in the wrong direction" were evidence of a need for assistance. *Id.* at 38. These responses included no medical documentation and provided the deciding official with little to consider regarding how the medical condition affected the charged behavior. In addition, the appellant testified at the hearing that he had not previously informed his supervisor that he had diabetes. HT at 214. The notice of proposed removal advised the appellant that he had the opportunity to "submit affidavits and other documentary evidence in support of your reply, showing why the charge(s) is (are) unfounded and any other reasons why your removal should not be effected." IAF, Tab 6 at 53. The appellant argues that his doctor's testimony shows that his medical condition caused confusion and that should have led to the agency requesting additional evidence. PFR File, Tab 1 at 4. However, the evidence cited by the appellant was not available to the deciding official because the appellant did not share it. Given the minimal information provided to the deciding official and the deciding official's testimony that he did consider the information, we find the appellant has not shown that the deciding official failed to consider any of the information provided in either his oral or written reply.[3]

The penalty of removal is reasonable based on the agency's proven charge.

¶8        The appellant again argues on review that his penalty should be mitigated based on his medical condition. *Id*. at 6. He alleges that the medical testimony provided at the hearing supports his claim that his medical condition played a role in his actions. *Id.* at 4. The weight to be given an employee's medical condition

---

[3] In addition to proving the charge against the appellant, the agency must show that the action taken promoted the efficiency of the service. 5 U.S.C. § 7513(a). The administrative judge found the agency's decision to remove the appellant promoted the efficiency of the service, and the appellant has not challenged this finding. ID at 7. We see no basis for disturbing this well-reasoned finding on review.

necessarily depends on whether that condition played a part in the charged conduct. *Roseman v. Department of the Treasury*, [76 M.S.P.R. 334](#), 345 (1997). Although the deciding official did not have this information available to him at the time of his decision, the information is now before the Board.  The administrative judge should have addressed this new information in her initial decision when reviewing the agency's penalty determination.  *See Spithaler v. Office of Personnel Management*, [1 M.S.P.R. 587](#), 589 (1980) (an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

¶9        At the hearing, the appellant's doctor testified that in July 2013, the appellant's blood sugar level was dangerously high.  HT at 151-53.  He stated that at that level that it could cause lethargy and have an effect on concentration and memory.  HT at 151-52.  The doctor stated that the July appointment was the first time he saw the appellant in 2013.  HT at 153-54.  The doctor also testified that in his opinion the appellant's blood sugar could not have been out of control for longer than a month or else he would have had more symptoms.  HT at 155.  The field examination reports were submitted in February and March 2013, over 4 months before the appellant saw the doctor.  IAF, Tab 6 at 22-23; HT at 153.  Based on the physician's testimony, we find that the appellant's diabetes was likely under control during the period of time when he filed the false field examination reports.  Therefore, although we afford consideration to the appellant's medical condition, we find, based on our review, that he has not shown that it is deserving of significant consideration as a mitigating factor because it did not play a part in the charged misconduct.

¶10        Where, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness.  *See Douglas*, 5 M.S.P.R. at 306.  The Board's

function in this regard is not to displace management's responsibility but to assure that managerial judgment has been properly exercised. *Id.* at 302. In evaluating a penalty, the Board will consider, first and foremost, the nature and seriousness of the misconduct and its relationship to the employee's duties, position, and responsibilities. *Gaines v. Department of the Air Force*, 94 M.S.P.R. 527, ¶ 9 (2003). As the administrative judge noted in her initial decision, the primary duty of a field examiner is to conduct field examinations. ID at 15. Here, on multiple occasions the appellant admittedly failed to perform the key duty of his job. ID at 15. The deciding official noted in his *Douglas* factor analysis that there were no similar cases of field examiners claiming to make visits that were not done, but other positions where credit was taken for work not performed resulted in removal from the agency. IAF, Tab 6 at 32. The appellant had no disciplinary history, good performance reviews, and over 20 years of federal service. *Id.* at 31. However, the appellant had been trained on conducting field examinations, and the field examiners are independent and work remotely with minimal supervision. *Id.* at 31-32. Finally, given the nature of the appellant's job, falsely reporting a visit could endanger the safety and well-being of a beneficiary, individuals who have been held to be incompetent or disabled. *Id.* at 30. Therefore, we find that the agency's decision to remove the appellant did not exceed the bounds of reasonableness and does not warrant mitigation.

<u>The appellant's new documents and arguments do not provide a basis for reversing the initial decision.</u>

¶11        The appellant submits for the first time with his petition for review glucose readings that date from before the close of the record below. PFR File, Tab 1 at 9-11. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant

states that he did not submit the information previously because he did not know he would be considered disabled under the Americans with Disabilities Act. PFR File, Tab 1 at 3. The appellant fails to assert that the documents were unavailable, despite his due diligence before the record closed. *See* 5 C.F.R. § 1201.115(d). Therefore, we decline to consider this evidence.

¶12    In addition, to the extent that the appellant is now attempting to raise a claim of disability discrimination, he did not raise this defense below. IAF, Tab 18. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant makes no such showing; therefore, we do not consider this argument.

¶13    The appellant alleges for the first time on review that the agency should have contacted the references he provided when considering the penalty. PFR File, Tab 1 at 5. The appellant contends that the agency's failure to contact the references constitutes harmful error. *Id.* Harmful error is defined as an error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. 5 C.F.R. § 1201.56(c)(3). The burden is on the appellant to show that the error was harmful. *Id.* The appellant has not submitted any law, rule, or regulation that required the deciding official to contact the individuals he identified to obtain additional information regarding the appellant; therefore, we discern no harmful procedural error.[4]

---

[4] To the extent the appellant is alleging that the agency violated his constitutional right to minimum due process of law by failing to contact the references he provided in his response to the notice of proposed removal, we find the argument unpersuasive. There is no evidence indicating that the agency prevented the appellant from submitting information regarding these references. Further, the record reflects that the deciding official considered the appellant's employment record as a mitigating factor. Under the circumstances in this case, we discern no basis for finding that the agency deprived the appellant of a meaningful opportunity to respond by failing to contact his references.

<u>The appellant's reply is rejected IN PART for failure to conform to the Board's regulations.</u>

¶14    The appellant, through his attorney, filed a reply to the agency's response to the petition for review. PFR File, Tab 6. The agency filed a motion to strike the appellant's reply, alleging that his reply exceeded the scope of the issues raised in his petition for review and the agency's response. PFR File, Tab 7. We construe the agency's motion as a motion to reject the appellant's pleading for failure to conform to the Board's regulations, and, for the reasons set forth below, we GRANT IN PART and DENY IN PART the agency's motion.

¶15    The Board's regulations provide for only four types of pleadings on review: a petition for review, a cross petition for review, a response, and a reply to a response. 5 C.F.R. § 1201.114(a)(1)-(4). A reply is limited to the factual and legal issues raised by another party in the response to the petition for review and may not raise new allegations of error. 5 C.F.R. § 1201.114(a)(4). The Board will not accept a pleading other than these four unless the party files a motion and obtains leave from the Clerk of the Board to make such filing. 5 C.F.R. § 1201.114(a)(5).

¶16    Here, the appellant has filed no such motion. Rather, he has filed a reply in which he elaborates on his claim, as set forth in his petition for review and refuted by the agency in its response, that the administrative judge failed to properly consider the medical evidence of record. His reply also sets forth four

*See Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985) (when a tenured public employee is deprived of a property interest in his employment, he has a constitutional right to minimum due process of law, i.e., notice and meaningful opportunity to respond); *cf. Flores v. Department of Defense*, 121 M.S.P.R. 287, ¶ 11 (2014) (finding that the appellant waived his due process right to respond to a proposed removal where there was no indication that the appellant made a reasonable effort to assert his right to respond and where there was no evidence that the agency denied his right to respond); *Wilson v. Department of Homeland Security*, 120 M.S.P.R. 686, ¶¶ 11-12 (2014) (a deciding official does not violate an employee's right to due process when he considers issues raised by the appellant in her response to the proposed adverse action and then rejects those arguments in reaching a decision).

additional legal arguments not raised in his petition for review or otherwise raised in the agency's response.[5] To the extent that the appellant's reply elaborates on his claim that he previously set forth in his petition for review, we DENY the agency's motion because the appellant's reply does not exceed the scope of the factual and legal issues raised in the agency's response. In any event, as discussed above, this claim does not provide a basis for disturbing the initial decision. However, we GRANT the agency's motion with regards to the appellant's four new arguments contained in his reply that exceeded the scope of the factual and legal issues raised by the agency's response. PFR File, Tabs 3, 6. Accordingly, we have not considered the appellant's new arguments contained in his reply in reaching this decision.[6]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5

---

[5] The appellant's additional arguments are that:  (1) the Board should have conducted a new *Douglas* analysis because of the new medical testimony at the hearing; (2) the administrative judge should have considered the deciding official's statement to be an admission rather than subject his testimony to a credibility determination; (3) the agency removed the appellant for a charge of fraud and not negligence; and (4) the agency violated the appellant's due process rights by not informing the appellant of an aggravating factor considered by the deciding official.  PFR File, Tab 6 at 3-9.

[6] To the extent that the appellant's reply requested the Board to "re-open the Initial Decision on its own motion," the initial decision did not constitute a final decision subject to the Board's reopening regulation.  *See* 5 C.F.R. § 1201.118 (the Board may at any time reopen any appeal in which it has issued a final order or in which an initial decision has become the Board's final decision by operation of law), § 1201.113(a) (an initial decision will not become the Board's final decision if any party files a timely petition for review).

of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to

representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                  _____
                                William D. Spencer
                                Clerk of the Board

Washington, D.C.